Eollett, J.
We will consider:
I. What is the assessed value of this benefited land ? Or what is the value of this benefited property as assessed for taxation ?
Plaintiffs do not aver or claim that this land is assessed by the city council at more than its true value, or at any higher rate than the adjoining property.
In making such improvements and such assessments the Revised Statutes provide as follows:
“ Sec. 2269. In making a special assessment, according to valuation, the council shall be governed by the assessed value of the lots, if the land is subdivided and the lots are numbered and recorded; but if the lots are not assessed for taxation, or if -there is land not subdivided into lots, the council shall fix the value of the lots or the value of the front of such land to the usual depths of lots, by the average of two blocks, one of which shall be next adjoining, on each side; and if there are no blocks so adjoining, the council shall fix the value of the lots or lands to be assessed, so that it will be a fair average of the assessed value of other lots in the neighborhood; and if in making a special assessment by the foot front there is land bounding or abutting said improvements not subdivided into lots, or if there be *165 lots numbered and recorded, bounding or abutting said improvements, and lying lengthwise of said improvements, the council shall fix, in like manner, the front of such land and such lots to the usual depth of lots, so that there will be a fair average of the depth of lots in the neighborhood which are subject to such assessments, and this section shall be applicable to all special assessments provided for in this chapter.”
“ Sec. 2270. In municipal corporations other than cities of the first class, or in corporations in counties containing a city of the first grade of the first class, the tax or assessment specially levied and assessed on any lot or land, for any improvement, shall in no case amount to more than twenty-five per centum of the value of the property as assessed for taxation, and the cost exceeding that per centum shall be paid by the corporation, out of its general revenue, and there shall not be collected of such assessments, in any one year, more than one-fifteenth of the value of the property on which the assessment was made, as valued in the count}' tax list for taxation.”
The provisions and policy of these sections are clear. When the land is divided into lots and valued for taxation, such assessed value controls; but where it is not subdivided into lots, the council shall fix the value of the front of such land to the usual depths of lots by the average assessed value of adjoining lots in the neighborhood.
Plaintiffs had not subdivided this land into lots ; and this benefited part was not separately assessed for taxation, except as it was done by the city council; and this part was not separately in the county tax list for taxation until so placed there for this special assessment by the city council. Plaintiffs could have had it so placed there, but they did not. They preferred that this benefited part should remain in bulk with other lands and be valued in gross, rather than be divided and valued, as were the adjoining lots, at a higher rate.
As this benefited part was not separated from the other parts of out-lot No. 80, and as it was not subdivided into *166 lots, and as it was not separately valued for taxation, the council had to fix its fair value by the former assessed values of similar lands, as provided by section 2269. The council found a definite standard, and with that standard they found and fixed the fair value of this benefited part to be $12,600.
In so fixing the value there was no'error, and $12,600 is the assessed value of this benefited land, as assessed for this special taxation.
II. What assessment may be taxed on this valuation is fixed by section 2270, which provides that such assessments “ shall in no case amount to more than twenty-five per centum of the value of the property as assessed for taxation.” The $3,150 assessed on this property is just twenty-five per centum of $12,600, “ the value of the property as assessed for taxation ” for this improvement. And in accordance with the principle and spirit of section 2,270, if not within the exact lettef of that section, an amount equal to one-fifteenth part of su'ch assessed value may be collected in any one year. So that there could have been collected in one year one-fifteenth of $12,600, being $840, when only $787.50 was sought to be collected in one year.
.Thus each part of these sections is in harmony with every other part, and all together they present a consistent plan that may secure equity. There was no error, and

The petition must be dismissed.